# IN THE UNITED STATES DISTRICT COURT

# FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GEORGE N. ALLEN,<br><br>Plaintiff,<br><br>v.<br><br>STEPHEN MAYBERG, et al.,<br><br>Defendants. | No. 1:06-CV-01801-BLW-LMB<br><br>**ORDER** |
| RAYMOND AMADEO,<br><br>Plaintiff,<br><br>v.<br><br>STEPHEN MAYBERG, et al.,<br><br>Defendants. | No. 1:07-CV-00834-BLW |
| MANSFIELD R. BROWN,<br><br>Plaintiff,<br><br>v.<br><br>STEPHEN MAYBERG, et al.,<br><br>Defendants. | No. 1:07-CV-00849-BLW |

| | |
|---|---|
| WAYNE P. DeBERRY,<br><br>Plaintiff,<br><br>       v.<br><br>STEPHEN MAYBERG, et al.,<br><br>Defendants. | No. 1:07-CV-00850-BLW |
| DON D. McNEAL,<br><br>Plaintiff,<br><br>       v.<br><br>STEPHEN MAYBERG, et al.,<br><br>Defendants. | No. 1:07-CV-00851-BLW |
| HENRY C. SCOTT,<br><br>Plaintiff,<br><br>       v.<br><br>STEPHEN MAYBERG, et al.,<br><br>Defendants. | No. 1:07-CV-00897-BLW |

LAWRENCE SMITH,

Plaintiff,

v.

STEPHEN MAYBERG, et al.,

Defendants.

No. 1:07-CV-00913-BLW

---

FRED SCOTT,

Plaintiff,

v.

STEPHEN MAYBERG, et al.,

Defendants.

No. 1:07-CV-00985-BLW

---

LAWTIS D. RHODEN,

Plaintiff,

v.

STEPHEN MAYBERG, et al.,

Defendants.

No. 1:07-CV-01151-BLW

| | |
|---|---|
| HAROLD E. CARMONY, | |
| Plaintiff, | No. 1:07-CV-01558-BLW |
| v. | |
| CALIFORNIA DEPARTMENT OF MENTAL HEALTH, et al., | |
| Defendants. | |
| ELDRIDGE CHANEY, | |
| Plaintiff, | No. 1:08-CV-01196-BLW |
| v. | |
| STEPHEN MAYBERG, et al., | |
| Defendants. | |

Plaintiffs are patients being held under civil commitments in custody of the California Department of Mental Health housed at Coalinga State Hospital. Plaintiffs each filed a Complaint challenging various conditions of their confinement. Each Plaintiff is being held pursuant to California's Sexually Violent Predators Act under a civil commitment. California Welfare & Institution Code § 6600. All Plaintiffs have served their punitive sentence, and are not challenging the order of detainment which resulted in their civil commitment. In large part, all of the complaints are similar or identical in content.

Because Plaintiffs' Complaints are all substantially similar in substance, relate to the same subject matter, and are brought against the same Defendants, the Court shall consolidate the eleven cases for ease of administration. Those cases are as follows: (1) *Allen v. Mayberg, et al.*, 1:06-CV-01801-BLW; (2) *Amadeo v. Mayberg, et al.*, 1:07-CV-00834-BLW; (3) *Brown v. Mayberg, et al.*, 1:07-CV-00849-BLW; (4) *DeBerry v. Mayberg, et al.*, 1:07-CV-00850-BLW; (5) *McNealy v. Mayberg, et al.*, 1:07-CV-00851-BLW; (6) *Henry C. Scott v. Mayberg*, et al., 1:07-CV-00897-BLW; (7) *Smith v. Mayberg, et al.*, 1:07-CV-00913-BLW; (8) *Fred Scott v. Mayberg, et al.*, 1:07-CV-00985-BLW; (9) *Rhoden v. Mayberg, et al.*, 1:07-CV-01151-BLW; (10) *Carmony v. California Dept. Of Mental Health, et al.*, 1:07-CV-01558-BLW; and (11) *Chaney v. Mayberg, et al.*, 1:08-CV-01196-BLW. Anything further filed in any of these cases should be filed only under the lead case, *Allen v. Mayberg, et al.*, 1:06-CV-01801-BLW.

A cursory review of Plaintiffs' Complaints reveal significant issues of California State law and public policy, in addition to issues of Constitutional significance. Plaintiffs are not prisoners, but are being held under a civil commitment by the California Department of Mental Health. Put simply, those being held under a civil commitment are not prisoners. As such, the Plaintiffs' challenges to their conditions of confinement are unique and may require a

somewhat different analysis than would apply to similar claims made by individuals serving punitive sentences of incarceration.

Finally, because of the overwhelming caseload existing in the Eastern District of California, there is a substantial likelihood that there are other cases, raising the same issues, which have not been brought to the Court's attention. This raises the specter of inconsistent results, as well as the unnecessary expenditure of finite and increasingly scarce resources in addressing identical claims on an individual basis. Accordingly, the Court will provide the Defendants with the opportunity to identify and move the Court to consolidate any substantially similar claims, if any exist, that have not been consolidated in this Order.

## ORDER

NOW THEREFORE IT IS HEREBY ORDERED that the following cases are consolidated:

1. *Allen v. Mayberg, et al.*, 1:06-CV-01801-BLW;

2. *Amadeo v. Mayberg, et al.*, 1:07-CV-00834-BLW;

3. *Brown v. Mayberg, et al.*, 1:07-CV-00849-BLW;

4. *DeBerry v. Mayberg, et al.*, 1:07-CV-00850-BLW;

5. *McNealy v. Mayberg, et al.*, 1:07-CV-00851-BLW;

6. *Henry C. Scott v. Mayberg*, et al., 1:07-CV-00897-BLW;

7. *Smith v. Mayberg, et al.*, 1:07-CV-00913-BLW;

8. *Fred Scott v. Mayberg, et al.*, 1:07-CV-00985-BLW;

9. *Rhoden v. Mayberg, et al.*, 1:07-CV-01151-BLW;

10. *Carmony v. California Dept. Of Mental Health, et al.*, 1:07-CV-01558-BLW; and

11. *Chaney v. Mayberg, et al.*, 1:08-CV-01196-BLW.

The lead case shall be *Allen v. Mayberg, et al.*, 1:06-CV-01801-BLW;

IT IS FURTHER ORDERED that, within 60 days, Defendants shall identify, and move the Court to consolidate, any substantially similar claims that have not been consolidated with this action;

IT IS FURTHER ORDERED that, for administrative purposes only, the Court will deny without prejudice to refiling the following motions:

1. In *Amadeo v. Mayberg, et al.*, 1:07-CV-00834-BLW, Defendants' Motion to Dismiss Plaintiff's Complaint (Docket No. 13); Plaintiff's Motion for Summary Judgment (Docket No. 17); Defendants' Motion to Stay (Docket No. 29);

2. In *DeBerry v. Mayberg, et al.*, 1:07-CV-00850-BLW, Defendants' Motion to Stay (Docket No. 31); and Plaintiff's Motion to Compel (Docket No. 34);

3. In *Henry C. Scott v. Mayberg*, et al., 1:07-CV-00897-BLW, Defendants' Motion to Dismiss (Docket No. 11); Defendants' Motion to Stay (Docket No. 28); and

4.  In *Rhoden v. Mayberg, et al.*, 1:07-CV-01151-BLW, Defendants' Motion to Dismiss (Docket No. 36);

Once all claims are properly consolidated, the Court will consider whether appointment of counsel for Plaintiffs and/or referral of this case to mediation would aid in a more expedited resolution of this case.  The Court will also determine a deadline for resubmission of dispositive motions.  At that time, Defendants shall address all claims of all Plaintiffs together, insofar as possible to promote judicial efficiency.  Thus, for example, a Motion to Dismiss should be directed at all claims, if possible.

IT IS FURTHER ORDERED that Plaintiffs' cases are STAYED pending Defendants' response to this Order.  In the interim, Plaintiffs shall pursue all steps within the hospital's internal grievance system.  The Clerk of Court shall administratively terminate cases for internal administrative purposes only during the stay.  The parties shall not file additional motions or conduct discovery during this time period.  The Court will re-open the case upon Defendants' response.

DATED:  **March 16, 2009**

Honorable B. Lynn Winmill
Chief U. S. District Judge