UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GEORGE VASQUEZ,<br><br>    Plaintiff,<br><br>v.<br><br>STEVEN MAYBERG, et al.,<br><br>    Defendants.<br>_____/ | CASE NO.   1:10-cv-1973-MJS (PC)<br><br>ORDER REASSIGNING AND CONSOLIDATING CIVIL CASE No. 1:10-cv-1973-MJS WITH LEAD RELATED CIVIL CONSOLIDATED CASE No. 1:06-cv-1801-BLW-LMB |

    Plaintiff George Vasquez is civilly detained in Coalinga State Hospital ("CSH") pursuant to the California Sexually Violent Predator Act ("SVPA").  Plaintiff brings this action pursuant to 42 U.S.C. § 1983 alleging that Defendants, administrators at CSH, have violated his constitutional rights by implementing procedures that will result in the seizure of personal electronic equipment, such as his laptop computer and external memory drives.  Plaintiff asks for monetary damages and injunctive relief and has moved for a Temporary Restraining Order to enjoin Defendants from seizing his electronic property.

    The consolidated case of Allen v. Mayberg, No, 1:06-cv-1801-BLW-LMB, involves claims by civil detainees detained pursuant to the SVPA relating to CSH's moratorium on computers and other electronic equipment.  The suit challenges CSH's authority to confiscate the equipment.  On July 22, 2010, Magistrate Judge Larry M. Boyle directed other judges in the district to review their cases and reassign and consolidate any actions

that were sufficiently related to the claims asserted in that case.[1]  Judge Boyle stated that a related case should be reassigned unless it "has been processed to the point that it is close enough to resolution so that consolidation would effect an unnecessary delay." (<u>Allen</u>, ECF No. 54.)

The Court has reviewed the claims asserted in <u>Allen</u>, as well as Plaintiff's claim in the above-captioned action, and finds that they are sufficiently related so as to warrant consolidation.  Moreover, the instant action was only recently filed.  Consolidation would not, therefore, effect unnecessary delay.  Fed. R. Civ. P. 42(a); <u>Pierce v. County of Orange</u>, 526 F.3d 1190, 1203 (9th Cir. 2008).  In fact, Plaintiff is far more likely to be afforded timely relief through consolidation and participation in the scheduled triage conference than if he were to proceed with this individual action.[2]

Accordingly, the Court hereby orders that the above-captioned action be **CONSOLIDATED** with lead case <u>Allen v. Mayberg</u>, 1:06-cv-1801-BLW-LMB and **REASSIGNED** to the presiding judge.  The Clerk of Court is to file a copy of this Order in **both** the above-captioned docket and the docket in <u>Allen v. Mayberg</u>, 1:06-cv-1801-BLW-LMB in order to notify both courts and all parties of the reassignment and consolidation.  The Clerk shall close this member case.

IT IS SO ORDERED.

Dated:   October 30, 2010            /s/ *Michael J. Seng*
                                   UNITED STATES MAGISTRATE JUDGE

---

[1] Although Judge Boyle limited the consolidation of additional actions to thirty days after the Report and Recommendation was filed, the Court finds that consolidation of this case is appropriate because the triage conference has not yet taken place.  The parties to this case will have a reasonable amount of time to prepare for the triage conference, which the undersigned believes is scheduled in December 2010.

[2] Plaintiff is free to refile his Temporary Restraining Order in the consolidated action.  However, the Court has ordered the parties to address whether seizure of electronic equipment is appropriate at the triage conference.  (<u>Allen</u>, ECF No. 64.)  In response to the Court's order, Defendants have stated: "Defendants will make a determination if confiscation is appropriate after the triage conference is held with this honorable court."  (<u>Allen</u>, ECF No. 70.)