UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

FRESNO DIVISION

| | |
|---|---|
| GEORGE N. ALLEN, et al.,<br><br>              Plaintiff,<br><br>  v.<br><br>STEPHEN MAYBERG, et al.,<br><br>              Defendants.<br>(lead)<br><br>Including the following member cases:<br>1:-07-CV-00427-BLW (Gonzales)<br>1:07-CV-00834-BLW (Amadeo)<br>1:07-CV-00849-BLW (Brown)<br>1:07-CV-00850-BLW (DeBerry)<br>1:07-CV-00851-BLW (McNeal)<br>1:07-CV-00897-BLW (Scott)<br>1:07-CV-00913-BLW (Smith)<br>1:07-CV-00985-BLW (Scott)<br>1:07-CV-01558-BLW (Carmony)<br>1:08-CV-01196-BLW (Chaney)<br>1:08-CV-01339-BLW (Robinson)<br>1:09-CV-01890-BLW (Rhoden)<br>1:09-CV-02153-BLW (Frazier)<br>1:10-CV-01973-BLW (Vasquez) | Case No. 1:06-CV-01801-BLW-LMB<br>(consolidated cases)<br><br>**ORDER SETTING SETTLEMENT / TRIAGE CONFERENCE** |

NOW THEREFORE IT IS HEREBY ORDERED:

An in person Settlement/Triage Conference is scheduled in this case at Coalinga State Hospital on December 19 and 20, 2011, in California. The Settlement/Triage

**ORDER   1**

Conference will be conducted by The Honorable David O. Carter, United States District Court for the Central District of California, sitting by special designation.

<u>Confidentiality</u>: Except as otherwise stipulated in writing by all parties and the neutral, all communications, including the settlement agreement, made in connection with any ADR proceeding shall be confidential and considered privileged, pursuant to federal common law.

It is ordered that lead counsel for the case shall attend the settlement conference. Lead counsel is the attorney who is primarily responsible for representing the party at the trial in the case.  Lead counsel shall be authorized to participate in settlement negotiations at the settlement conference and shall be excused from attendance only by Judge Carter. Counsel shall be knowledgeable about the facts of the case and shall be prepared to candidly discuss the same with the settlement judge.

The parties shall submit ta Settlement Conference Questionnaire for *in camera* review **by 5:00 p.m. on December 7, 2011**.  **The questionnaire shall be emailed (not filed on CM/ECF) to Susie Headlee, the Court's ADR Director at Susie_Boring-Headlee@id.uscourts.gov**

All information provided shall be held in confidence, and the parties may request that the Settlement Conference Questionnaire be returned to the submitting party at the end of the settlement conference.  No oral statement, written document, or other material considered during the settlement procedure may be used against any party to this

**ORDER   2**

litigation.  Questions regarding the settlement conference may be directed to the ADR Coordinator Susie Headlee at (208) 334-9067.

DATED:  **October 25, 2011**

B. LYNN WINMILL
Chief Judge
United States District Court

**ORDER   3**

**SETTLEMENT CONFERENCE QUESTIONNAIRE**

SUBMITTED BY: _____

Attorney for _____

Trial date scheduled: _____        Jury  \_\_\_\_    Non-Jury  \_\_\_\_

NOTE:  Please use attachments where necessary.  All attachments should be punched for a three-ring binder.  Ignore a question if it is not pertinent to this case.

1. Statement of facts pertinent to settlement.

2. Plaintiff's theories of recovery if not obvious.

3. If liability not admitted, bona fide defenses and counterclaims tendered by Defendant(s).

4. Damages - Plaintiff should list the specials incurred and claimed.  Do not use the maximum possible figures but what is deemed reasonable and what will be presented at trial.  List special and general damages separately.  Defendant should list what is claimed to be a reasonable amount where items are contested.

5. Summarize the bona fide disputes regarding damages.

6. Weaknesses.

7. Plaintiff's evaluation of fair settlement.  $_____.

8. Defendant's evaluation of fair settlement.  $_____.

9. May the court disclose these figures to the opposing party at the commencement of the conference?  yes \_\_\_\_\_   no \_\_\_\_\_

10. If Plaintiff recovers a judgment, is the question of apportionment of and liability among Defendant(s) a factor affecting negotiations?  Discuss.

11. Are there viable sources from whom the Defendant(s) may seek contribution?

12. Do you believe the other party has negotiated in good faith?  Discuss.

13. Does either party have client problems that affect these negotiations?

**ORDER  4**

14. Do client and attorney disagree on the settlement value?  Discuss.

15. What factors not discussed above have hampered settlement negotiations?

16. State your opinion as to the bona fide chance for settlement in this matter. ____%

17. Are there legal questions that effectively bar serious settlement negotiations? Discuss.

18. Do you want the settlement judge to give preliminary, non-binding predictions as to such rulings to assist in settlement negotiations?  yes _____   no _____

19. Is arbitration of certain areas or the entire matter a viable option?  Discuss.

20. Do Defendants want separate or joint conferences with the judge from which Plaintiff is excluded?

21. Does Plaintiff want separate conferences with the judge from which Defendants are excluded?

22. Expenses of litigation:

To date $_____   Plaintiff(s) $_____   Defendant(s) $_____

Estimate of expenses to conclusion $_____

**ORDER  5**