UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

FRESNO DIVISION

| | |
|---|---|
| GEORGE N. ALLEN, et al.,<br><br>                 Plaintiff,<br><br>v.<br><br>STEPHEN MAYBERG, et al.,<br><br>                 Defendants.<br>(lead)<br><br>Including the following member cases:<br><br>1:07-CV-00850-BLW (DeBerry)<br>1:07-CV-00897-BLW (Scott)<br>1:08-CV-01196-BLW (Chaney)<br>1:08-CV-01339-BLW (Robinson)<br>1:09-CV-01890-BLW (Rhoden)<br>1:09-CV-02153-BLW (Frazier)<br>1:10-CV-01973-BLW (Vasquez) | Case No. 1:06-CV-01801-BLW-LMB<br>(consolidated cases)<br><br>**ORDER** |

     Pending before the Court are various motions filed by the parties. Having reviewed the motions, the Court enters the following Order.

**MOTION TO WITHDRAW AS STAND-BY COUNSEL**

     Stand-by counsel for Plaintiffs, the University of Idaho Legal Clinic, have requested that they be permitted to withdraw from stand-by representation of the remaining Plaintiffs in this consolidated action: George Allen, Wayne DeBerry, Henry

**ORDER - 1**

Scott, and Eldridge Chaney. (Dkt. 137.) Good cause appearing, the Court will grant the Motion. The Court thanks the University of Idaho Legal Clinic for its willingness to serve as stand-by counsel in this action to date.

The Court has made it clear in past orders that, even though Court staff are attempting to find new pro bono counsel for Plaintiffs, that may not be possible, and all pro se parties must continue representation of themselves pro se during the pendency of this case. Because there is a pending motion to dismiss, the Court will not sever the remaining cases immediately, as in its previous Order, but will do so if any claims remain after the motion is adjudicated. Within 30 days after entry of this Order, Plaintiffs George Allen, Wayne DeBerry, Henry Scott, and Eldridge Chaney each will be required to file his own separate response to the pending Motion to Dismiss in this consolidated case. Failure to file a response in his own name will result in dismissal of that Plaintiff's claims.

## PLAINTIFF'S MOTION FOR CLARIFICATION AND DEFENDANTS' MOTION TO VACATE PORTIONS OF ORDER RE: DISCLOSURE AND SCHEDULING

Plaintiffs have requested clarification on several items. (Dkt. 143). The first is the question of service. This case has been in pre-answer mediation for several years, which has delayed service of some Defendants. The Clerk of Court is responsible for service of process for indigent litigants, and, thus, if any Defendants remain after the pending Motion to Dismiss is adjudicated, counsel for Defendants will be required to state whether they wish to accept service for the remaining Defendants, or whether they wish

**ORDER - 2**

to have public funds expended for the Clerk of Court to effect personal service upon the remaining Defendants via the United States Marshal Service. If Defendants notify the Court that they wish to have public funds expended for personal service, then Plaintiffs will be required to provide the addresses of the remaining Defendants to the Clerk of Court for service of process, by completing the proper forms.

Plaintiffs also wish to set their own schedules for discovery, because Plaintiff DeBerry has already completed discovery, and different schedules may be appropriate for each Plaintiff. If any claims remain after the Motion to Dismiss is adjudicated, each Plaintiff may file a proposed schedule for discovery (which may include a position that discovery should now be closed), for expert disclosure, and for dispositive motions.

Defendants ask the Court to reconsider several parts of its prior Order because counsel for Plaintiffs is withdrawing from the case, including the proposal of a pretrial schedule and the requirement of voluntary disclosures. Because a Motion to Dismiss is now pending, these portions of the Order will be vacated. Should any claims survive the Motion to Dismiss, the remaining cases will be severed, and the parties will be required to submit proposed scheduling orders in each case and will be required to engage in voluntary disclosures, with any privileged or security-oriented materials to be submitted in camera, with a privilege/security log to Plaintiffs (unless the parties agree that discovery has been completed).

**ORDER - 3**

**ORDER**

**IT IS ORDERED:**

1. Plaintiff's Motion for Clarification (Dkt. 143) is GRANTED, to the extent set forth herein above.

2. Defendants' Motion to Vacate a Portion of the February 12, 2013 Order (Dkt. 146) is GRANTED, to the extent set forth herein above.

3. Plaintiffs' Motion for Extension of Time to File Responses to the Motion to Dismiss (Dkt 145) is GRANTED. The Responses shall be due no later than **May 20, 2013.**

4. The Motion to Withdraw as Attorney of Record for Plaintiffs (Dkt. 137) is GRANTED.

5. The Clerk of Court shall send a copy of this Order to the remaining Plaintiffs as follows:

    A. George Allen, Unit 11 CO-00203-0, Coalinga State Hospital, P.O. Box 5003, Coalinga, CA 93210-5003;

    B. Wayne DeBerry, Unit 2 CO-00216-2, Coalinga State Hospital, P.O. Box 5003, Coalinga, CA 93210-5003;

    C. Henry Scott, Unit 13 CO-002045-1, Coalinga State Hospital, P.O. Box 5003, Coalinga, CA 93210-5003; and

    D. Eldridge Chaney Unit 7 CO-00195-9, Coalinga State Hospital, P.O.

Box 5003, Coalinga, CA 93210-5003.



DATED: **April 3, 2013**

Honorable B. Lynn Winmill
Chief U. S. District Judge

**ORDER - 5**